IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. MICHAEL M. MEYER, PATRICIA J. SZERLIP and VICKI WEATHERFORD,<br><br>Plaintiffs.<br><br>v.<br><br>HORIZON HEALTH CORPORATION, et al.,<br><br>Defendants. | No. C 00-1303 SBA<br><br>**ORDER**<br><br>[Docket No. 145] |

This matter comes before the Court on Vicki Weatherford's Notice of Withdrawal as Relator/Plaintiff ("Notice of Withdrawal") [Docket No. 144] and Defendant Summit Medical Center's ("Summit") Objection to Withdrawal of Vicki Weatherford [Docket No. 145].

In the Notice of Withdrawal, Plaintiff/Relator Weatherford states that she is withdrawing from the above-captioned matter because she is recovering from pulmonary surgery and has been advised by her doctor that it is not advisable to continue to be actively engaged in litigation. In its Objection to Withdrawal, Summit argues that Weatherford may not withdraw from this action without properly noticing the matter for a hearing and requesting Court approval. Summit also asks the Court to allow Summit to take immediate discovery from Ms. Weatherford. Summit asserts two grounds for its Objection to Weatherford's withdrawal: (1) Federal Rule of Civil Procedure 41(a)(2); and (2) 31 U.S.C. § 3730(b)(1). However, neither of the authorities cited by Summit appears to provide adequate support for its Objection. For example, Rule 41(a)(2) states that "an *action* shall not be dismissed at the plaintiff's instance save upon order of the court and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2) (emphasis added). The general purpose of Rule 41(a) is to preserve a plaintiff's right to voluntarily dismiss the case and start over so long as the defendant is not prejudiced as a result. *See*

1 *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2nd Cir. 1953); *see also* 9 Wright & Miller, Fed. Practice & Proc. § 2363, pp.151-52.  Similarly, 31 U.S.C. § 3730(b)(1) merely provides that a *qui tam* action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."  31 U.S.C. § 3730(b)(1).  Here, however, the *action* is not being dismissed, and the two other relators, Michael Meyer and Patricia Szerlip, remain in the case.  Further, the Court has no reason to doubt that Weatherford's withdrawal from the instant action is based on valid medical reasons, and Summit has not presented the Court with any valid authorities supporting its assertion that the Court may compel Weatherford to continue to act as a *qui tam* relator if doing so would jeopardize her heath.  To the extent that Summit is concerned about its access to certain documents or information in Weatherford's possession, this can be addressed, as appropriate and necessary, through third-party discovery.

Accordingly,

IT IS HEREBY ORDERED THAT Summit's Objection to Withdrawal of Vicki Weatherford [Docket No. 145] is OVERRULED.  The portion of Summit's Objection pertaining to discovery is hereby REFERRED to a Magistrate Judge.

IT IS SO ORDERED.

Dated: 5/25/06

SAUNDRA BROWN ARMSTRONG
United States District Judge