**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

**UNITED STATES OF AMERICA, ex rel. MICHAEL M. MEYER and PATRICIA J. SZERLIP,**

**Plaintiffs,**

**v.**

**HORIZON HEALTH CORPORATION, a Delaware Corporation, SUMMIT MEDICAL CENTER, a California Corporation, and SUKHDEEP GREWAL, M.D.,**

**Defendants.**

**Case No. CV 00-1303 SBA**

**ORDER GRANTING SUMMIT MEDICAL CENTER'S MOTION TO DISMISS THIRD AMENDED COMPLAINT FOR LACK OF JURISDICTION UNDER RULE 12(b)(1)**

This matter comes before the Court on Defendant Summit Medical Center's Motion to Dismiss Third Amended Complaint for Lack of Jurisdiction Under Rule 12(b)(1). Defendants Sukhdeep Grewal, M.D. and Horizon Health Corporation have joined in the motion. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS the motion.

The False Claims Act ("FCA") gives incentives to individuals with genuine knowledge of fraud against the Government to expose that fraud through a *qui tam* action. Relators Patricia Szerlip and Michael Meyer are not those individuals. Neither Meyer nor Szerlip qualify as "original sources" of the allegations, and accordingly, they are barred from bringing this action by the FCA's public disclosure bar. *See* 31 U.S.C. § 3730(e)(4). This action must therefore be dismissed for lack of subject matter jurisdiction under 31 U.S.C. § 3730(e)(4).

Relators Patricia Szerlip and Michael Meyer, and former relator Vicki Weatherford, filed this action under seal on April 13, 2000, alleging a scheme of Medicare fraud under the *qui tam* provisions of the FCA. *See* 31 U.S.C. § 3730(b). These provisions permit private parties, known as "relators," to file suit under seal on behalf of the United States alleging fraud against the federal Government. *Id.* While the case is under seal, the United States is required to investigate the relator's allegations and decide whether to intervene. *Id.* On May 6, 2004, after investigating, the Government decided not to intervene. *See* Docket Entry Nos. 20, 21.

Relators elected to continue litigating the action and filed a First Amended Complaint on September 20, 2004. This Court subsequently dismissed with leave to amend the First and Second Amended Complaints for failing to allege the scheme of Medicare fraud with sufficient particularity under Fed. R. Civ. P. 9(b). On October 17, 2005, Relators filed their Third Amended Complaint ("TAC"), with allegations specific to one individual patient referred to as "Patient A." Summit moved to dismiss that complaint on November 9, 2005. The Court denied the motion to dismiss on February 9, 2006 with respect to the allegations concerning Patient A. Summit answered the Third Amended Complaint on February 27, 2006. On March 17, 2006, Relators filed a "Notice of Withdrawal" stating that relator Vicki Weatherford was withdrawing from the action. On May 25, 2006, this Court ordered that plaintiff Vicki Weatherford be deemed withdrawn from the action. Szerlip and Meyer are now the sole Relators in this action.

Prior to filing this *qui tam* action on April 13, 2000, Vicki Weatherford alone brought *Weatherford v. Horizon Health Corp*., Case No. 817852-1, in the Superior Court of the State of California in the County of Alameda on October 5, 1999 ("Weatherford"). In Weatherford, she sued for breach of contract, wrongful to iation and defamation after she resigned from her

position as Program Director of the Senior Bridges Program. The Senior Bridges Program was a geropsychiatric unit managed by Horizon at Summit. Horizon employed Ms. Weatherford and was responsible for the management of the Senior Bridges Program on behalf of Summit. The Weatherford Complaint, as well as the deposition of Vicki Weatherford taken on March 7 and 13 of 2000, expressly alleged that Defendants committed Medicare fraud by admitting physically ill patients with dementia to the Senior Bridges Program at Summit. The allegations in the TAC parrot the allegations made in the 1999 Weatherford Employment Action.

Under the FCA, this Court lacks jurisdiction where the allegations in a *qui tam* complaint have been publicly disclosed, unless the relator is an "original source." *See* 31 U.S.C. § 3730(e)(4); *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181 (9th Cir. 2001). The public disclosure bar of the FCA provides:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

31 U.S.C. § 3730(e)(4)(A). Szerlip and Meyer bear the burden of establishing jurisdiction. *See United States ex rel. Harshman v. Alcan Elec. & Eng'g, Inc.*, 197 F.3d 1014, 1018 (9th Cir. 1999).

This Court must consider three questions to determine whether it has jurisdiction in light of the statutory public disclosure bar:

(1) Have the allegations in the *qui tam* Complaint been publicly disclosed?

(2) If so, is the *qui tam* suit "based upon" the disclosed information?

If yes, are either Szerlip or Meyer an "original source" of the information? *A-1 Ambulance Serv. v. California*, 202 F.3d 1238 (9th Cir. 2000); *accord United States ex rel. Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F.3d 562, 565 n.4 (11th Cir. 1994). "'To qualify as an original source, a relator must show that he or she has direct and independent knowledge of the information on which the allegations are based, voluntarily provided the information to the Government before filing his or her *qui tam* action, and had a hand in the public disclosure of

allegations that are a part of . . [the] suit.'" *See United States ex rel. Zaretsky v. Johnson Controls, Inc.*, No. 04-55536, 2006 U.S. App. LEXIS 20436, at *9 (9th Cir. Aug. 9, 2006) (quoting Lujan, 243 F.3d at 1033).

As explained below, this Court lacks jurisdiction under the A-1 Ambulance three-part test.

A. <u>The Weatherford Employment Action is a Prior Public Disclosure</u>.

It is well settled that allegations in a prior civil litigation action are public disclosures under 31 U.S.C. § 3730(e)(4). Allegations in a complaint, as well as deposition testimony, will trigger this jurisdictional bar. *United States ex rel. McKenzie v. Bellsouth Telcomms., Inc*., 123 F.3d 935, 939 (6th Cir. 1997) (prior employment complaint filed in state court constituted a prior public disclosure); *United States ex rel. Westerfield v. University of San Francisco,* 2006 U.S. Dist. LEXIS 15276 (N.D. Cal., Feb. 14, 2006) (prior employment complaint filed in state court triggered public disclosure bar); *United States ex rel. Swan v. Covenant Care, Inc*., 279 F. Supp. 2d )212 (E.D. Cal. 2002) (prior complaint filed in state court triggered public disclosure bar, as did deposition testimony); *United States ex rel. King v. Hillcrest Health Ctr., Inc*., 264 F.3d 1271 (10th Cir. 2001) (prior employment complaint triggered public disclosure bar); *United States ex rel. Gilligan v. Medtronic, Inc*., 403 F.3d 386 (6th Cir. 2005) (prior complaint filed in state court triggered public disclosure bar); *United States ex rel. Pentagen Technologies Int'l. v. CACI Intl., Inc*., 1995 U.S. Dist. LEXIS 17512 (S.D.N.Y. 1995) (deposition testimony in a prior state court action triggered public disclosure bar). The Weatherford employment action and subsequent pleadings in Weatherford are thus public disclosures under the FCA.

B. <u>The *Qui Tam* Allegations are "Based Upon" the Public Disclosures Because They Share a Substantial Identity with the Allegations in Weatherford</u>.

The Ninth Circuit has held that for a *qui tam* lawsuit to be "based upon" a prior disclosure, the facts in the earlier disclosure need not be identical, but "substantially similar." *Lujan*, 243 F.3d at 1189. For an action to be "based upon" a prior public disclosure, the content of that disclosure must consist of the "allegations or transactions" giving rise to relators' claim. *Id.* "The substance of the disclosure need not contain an explicit 'allegation' of fraud, so long as the material elements of the allegedly fraudulent "transaction" are disclosed in the public domain."

*United States ex rel. Found. Aiding the Elderly v. Horizon West Inc*., 2001 U.S. App. LEXIS 27363, at *4-5 (9th Cir. 2001). In the instant action the allegations in the TAC plainly share a substantial identity with the allegations disclosed through the *Weatherford* complaint filed in state court in 1999.

C. Neither Relator Qualifies as an Original Source.

Because their *qui tam* allegations are based upon publicly-disclosed information, Szerlip and Meyer must demonstrate that they are an "original source" in order for this Court to have subject matter jurisdiction. *See* 31 U.S.C. § 3730(e)(4)(A). In this Circuit, the definition of "original source" has three elements. A relator must satisfy each element to qualify as an original source. The relator must (1) have "voluntarily provided the information to the Government" before filing the *qui tam* complaint; (2) have "had a hand in" the prior public disclosure of the allegations; and (3) have "direct and independent knowledge of the information on which the allegations are based." *Johnson Controls*, 2006 U.S. App. LEXIS 20436, at *9; Harshman, 197 F.3d at 1020; *United States ex rel. Devlin v. California*, 84 F.3d 358, 360 n.3 (9th Cir. 1996); *Wang v. FMC Corp*., 975 F.2d 1412 (9th Cir. 1992); *Hillcrest*, 264 F.3d at 1280-81. It is not enough for Relators to have some vague involvement in the lawsuit constituting the prior disclosure.

Here, Szerlip and Meyer have not alleged facts to demonstrate that they satisfy any of the above elements. Szerlip and Meyer failed to establish that they provided their information concerning the alleged fraud to the Government before bringing the instant action. *United States ex rel. Jones v. Horizon Healthcare Corp*., 160 F.3d 326, 334-35 (6th Cir. 1998) (failure to disclose allegations to government prior to bringing suit resulted in dismissal of case); *United States ex rel. Settlemire v. District of Columbia*, 198 F.3d 913, 920 (D.C. Cir. 1999) (noting that relator was not an original source in part because he never alleged that he contacted the government prior to bringing suit).

Even if Relators were able to demonstrate that they made a disclosure to the Government prior to filing their action, neither Szerlip nor Meyer can demonstrate that they caused the public disclosure in *Weatherford* because neither Relator was a party to that action. *Campbell v.*

*Redding Med. Ctr*., 421 F.3d 817, 822 (9th Cir. 2005) ("An original source, on the other hand, 'must have had a hand in the public disclosure' which alerted the Government to the essential facts of the fraudulent scheme."); *Wang*, 975 F.2d at 1418; *accord Johnson Controls*, 2006 U.S. App. LEXIS 20436, at *21. When fraud is publicly disclosed through previous civil litigation, the relators must have been involved in bringing the original complaint to qualify as an original source. *See United States ex rel. Barajas v. Northrop Corp*., 5 F.3d 407, 411 (9th Cir. 1993) (relator had a hand in the disclosure when he was the relator in the previous *qui tam* action and when he personally approached the Government with information prior to that original suit).

Finally, Szerlip and Meyer must demonstrate that they possess both direct and independent knowledge. To demonstrate "direct" knowledge, "the relator must show that he had firsthand knowledge of the alleged fraud, and that he obtained this knowledge through his 'own labor unmediated by anything else.'" *Harshman*, 197 F.3d at 1020 (quoting *United States ex rel. Aflatooni v. Kitsap Physicians Servs*., 163 F.3d 516, 525 (9th Cir. 1998)). Relators have no such direct or independent knowledge.

Because the allegations in their Complaint were disclosed in a prior civil litigation filed by Weatherford alone, and because neither Szerlip nor Meyer can demonstrate that they are an original source, this Court lacks jurisdiction and must dismiss. *See, e.g*., *Harshman*, 197 F.3d at 1018; *Gilligan*, 403 F.3d 386; *United States ex rel. Paranich v. Sorgnard*, 396 F.3d 326, 342 (3d Cir. 2005); *United States ex rel. Grynberg v. Praxair, Inc*., 389 F.3d 1038, 1054 (10th Cir. 2004); *United States ex rel. Dingle v. Bioport Corp*., 388 F.3d 209, 214-16 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1708 (2005); *United States ex rel. Reagan v. East Tex. Med. Ctr. Reg'l Healthcare Sys*., 384 F.3d 168 (5th Cir. 2004).

Plaintiffs' Application For Leave To Submit Additional Evidence

On September 27, 2006, Plaintiffs filed an application requesting leave of Court to file additional evidence in support of their opposition to the Motion to Dismiss. They filed their opposition on September 12, 2006 and briefing on the motion closed September 19, 2006. The Court denies the application for a few reasons. First, the court file reveals that Plaintiffs are represented by two law firms; The Wright Law Firm and McGuinn, Hillsman & Palefsky.

Plaintiffs have provided no persuasive reason why, with these resources, they were unable to file the additional evidence in a timely fashion. Plaintiff's counsel's attempt to characterize the delay as excusable is unavailing. It is clear from the application that the delay occasioned by this filing was the result of a deliberate choice of Plaintiffs not to respond fully to the Motion in order to "move this case along". Second, given that all of the issues which Plaintiffs' application is designed to address were presented clearly in the Motion papers filed by Defendants, it would be inequitable at best to allow Plaintiffs to file what, in substance is a surreply. There is simply no legitimate basis for waiting over two weeks after filing their opposition and over one week after the Defendants' reply to submit this application. Finally, given the allegations presented in the Third Amended Complaint, the additional evidence proffered and the controlling authorities cited extensively above, even if the Court were to consider the additional evidence, it does not alter the fact that Plaintiffs have failed to demonstrate that this Court enjoys jurisdiction over this matter, given their respective involvement, or lack thereof, in the matters leading up to the filing of this action.

Accordingly,

IT IS HEREBY ORDERED THAT Summit Medical Center's request that the Court take judicial notice of the referenced pleadings from the record in the Weatherford case is GRANTED, Plaintiffs' Application for Leave to File Additional Evidence is DENIED and Summit Medical Center's motion to dismiss the Third Amended Complaint is GRANTED with prejudice.

Dated: 9/29/06

Saundra B. Armstrong

SAUNDRA BROWN ARMSTRONG
United States District Judge