**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

UNITES STATES OF AMERICA, *ex rel.*
MICHAEL M. MEYER, *et al.*,

        Plaintiffs,

 v.

HORIZON HEALTH CORP., *et al.*,

        Defendants.

No. C 00-1303 SBA

**ORDER**

[Docket No. 219]

    Plaintiffs Michael M. Meyer and Patricia J. Szerlip have filed a Motion for Review of the Clerk's Taxation of Defendant Horizon Health Corporation's Costs [Docket No. 219] seeking to vacate the Clerk's taxation of $6,965.86. After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. For the reasons that follow, the motion is GRANTED in PART, and the award of costs is reduced from $6,956.86 to $75.00.

## BACKGROUND

    Michael Meyer and Patricia Szerlip are nurses who were employed by defendant Summit Hospital at the Senior Bridges geropsychiatric unit which is jointly operated by Horizon and Summit. In 1999, the plaintiffs through counsel reported conduct they believed to be fraudulent and in violation of Medicare rules and regulations. Vicki Weatherford joined Meyer and Szerlip in subsequent discussions with the government. On April 13, 2000, plaintiffs and relators Meyer, Szerlip, and Vicki Weatherford (plaintiffs) filed a *qui tam* action against defendants Horizon Health Corporation (Horizon), Summit Medical Center (Summit), and Dr. Sukdeep Grewal (collectively "defendants") for alleged violations of the False Claims Act, 31 U.S.C. §§ 3729-3733.

    After the complaint was filed, the Criminal Division of the United States Attorney's Office issued a subpoena *duces tecum* to Horizon on November 30, 2000. In response, Horizon produced 44,539 documents to the government in late 2000 and early 2001.

    On May 6, 2004, the United States declined to intervene in the *qui tam* action. Relator Vicki

Weatherford withdrew from the case on March 17, 2006, due to concerns about her health, as she had undergone a pulmonary ablation. On October 2, 2006, the Court granted defendant Summit's motion to dismiss for lack of jurisdiction and dismissed the action with prejudice [Docket No. 204].

As the prevailing party, Horizon filed its itemization of costs on October 16, 2006, pursuant to Federal Rule of Civil Procedure 54(d), requesting costs in the amount of $7,388.85 [Docket No. 209]. On October 25, 2006, the plaintiffs filed their Opposition to Horizon's Itemization and Bill of Costs [Docket No. 210]. Thereafter, Horizon filed an Amended Itemization of Costs on October 27, 2006 [Docket No. 214]. In its amended itemization of costs, Horizon requested $6,965.85 in costs: $6,680.85 for copies of the 44,539 pages of documents, and $285.00 for copies produced in discovery. Horizon withdrew its request for $633.00 for costs disputed by the plaintiffs as disallowed under Local Rule 54-3(d)(3). On the other hand, it also increased its request by $210.00 for costs incurred in propounding and responding to discovery.

On November 1, 2006, the Clerk of Court assessed costs against the plaintiffs for $6,965.85 [Docket No. 215]. On November 3, 2006, the plaintiffs filed a memorandum laying out their opposition to Horizon's amended itemization of costs [Docket No. 216]. On November 15, 2006, the plaintiffs filed this motion.

**LEGAL STANDARDS**

Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). Rule 54(d)(1) creates a presumption that the prevailing party will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). To overcome this presumption, a losing party must establish a reason to deny costs. *Dawson*, 435 F.3d at 1070.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987), the Supreme Court

held that federal courts are limited to assessing those costs enumerated under 28 U.S.C. § 1920. Section 1920 provides that:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Relevant to this dispute is subsection four, as Horizon seeks reimbursement for the documents produced to the United States Attorney's Office and those documents produced in discovery.

The Local Rules supplement and outline the procedures for requesting and objecting to costs. Rule 54-1(a) provides that "No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs." N.D. Cal. Civ. R. 54-1(a). Local Rule 54-2(a) declares that "Within 10 days after service by any party of its bill of costs, the party against whom costs are claimed must serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth the grounds of each objection." N.D. Cal. Civ. R. 54-2(a). Rule 54-4(a) adds that "The Clerk may require and consider further affidavits and documentation as necessary to determine allowable costs." N.D. Cal. Civ. R. 54-4(a). Rule 54-4(b) continues that "No sooner than 10 days after a bill of costs has been filed, the Clerk shall tax costs after considering any objections filed pursuant to Civil L.R. 54-2." N.D. Cal. Civ. R. 54-4(b).

Local Rule 54-5 provides for review of the Clerk's taxation of costs. This rule stipulates that

> Pursuant to FRCivP 54(d)(1), any motion for review of the Clerk's taxation of costs must be filed within 5 days of the entry of the notice of taxation of costs. The motion must conform to the requirements of Civil L.R. 7-2 through 7-5. If no motion is filed within 15 days of the Clerk's taxation of costs, the Clerk's determination of costs shall be final.

N.D. Cal. Civ. R. 54-5.

**ANALYSIS**

The plaintiffs maintain that Horizon's request for costs should be denied because (1) the $6,680.85 are for copying costs of documents related to the government's criminal investigation of Horizon and Dr. Grewal rather than documents Horizon produced to the plaintiffs in this civil action; (2) of the remaining $285.00 of claimed costs, $210.00 was untimely requested because this amount was added after the deadline set by Local Rule 54-1(a); (3) the assessment of costs against the plaintiffs would create a chilling effect on the reporting of suspected Medicare fraud by healthcare providers; and (4) assessing costs would pose an undue hardship on Meyer and Szerlip.

Horizon counters that the Court should not consider the plaintiffs' motion because it was filed fourteen days after the Clerk of the Court assessed costs against them. The Clerk assessed costs on November 1, 2006, and Horizon contends that the plaintiffs had until November 6, 2006 to file a properly noticed motion in order for their objections to be considered by the Court.[1] As no such motion was filed by the plaintiffs until November 15, 2006, Horizon maintains it is barred by Rule 54-1(a).

Horizon's position on the timing relies too heavily upon legitimate confusion and potential ambiguity in the language of the Local Rules. As the basis for precluding consideration, Horizon emphasizes a distinction in the Local Rules between a "motion" and an "objection." It argues that while the plaintiffs may have filed a second "objection" (which Horizon contends the rules do not contemplate), they failed to timely file a "motion." In this context, the distinction is more arbitrary than real. Moreover, given that Horizon filed an amended bill of costs, there is at least a legitimate contention that the plaintiffs were likewise entitled to file an amended opposition within ten days, which they did. Rule 54-4(b) states that "the Clerk shall tax costs after considering *any objections* filed pursuant to Civil L.R. 54-3" (emphasis supplied). Horizon filed its bill of costs on October 16. The plaintiffs filed their opposition on October 25. Horizon then filed an amended bill of costs on October 27. The Clerk awarded costs on November 1. On November 3, the plaintiffs filed opposition to the

---

[1] This fails to take into account Federal Rule of Civil Procedure 6(a) and the exclusion of Saturdays, Sundays, and legal holidays for periods of time less than eleven days.

4

amended bill of costs. On November 15, the plaintiffs filed this motion opposing the award of costs.

Finally, even assuming for the sake of argument that the plaintiffs' November 15th motion for review is untimely, a majority of courts have held that the timeliness requirement of Rule 54(d)(1) is not jurisdictional and therefore a court has discretion to review it on the merits. *See, e.g., In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 459 (3d Cir. 2000) (Rule 54(d)(1)'s five-day limitation is not jurisdictional, and courts may, in their discretion, consider untimely objections); *Lorenze v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994) (five-day limit of Rule 54(d)(1) has no jurisdictional significance); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 n.6 (5th Cir. 1990) (the five-day period for requesting review under Rule 54(d) is not jurisdictional); *McGuigan v. CAE Link Corp.*, 155 F.R.D. 31, 34 (N.D.N.Y. 1994); *Nalco Chem. Co. v. Hydro Techs., Inc.*, 149 F.R.D. 686, 699 (E.D. Wis. 1993); *but see Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1353 (local rule did not modify the federal rule's time limit for filing a motion for review of the clerk's taxation of costs); *Alexandria Assocs., Ltd. v. Mitchell Co.*, 800 F. Supp. 1424, 1425 (S.D. Miss. 1992) (procedure to objecting to taxation of costs for prevailing parties is by motion, not response to motion, and thus, local rule's ten-day period for responding to a motion did not apply).

There being no jurisdictional bar, review is appropriate in this case. The plaintiffs were not tardy in their opposition. They filed their original opposition to Horizon's bill of costs within the time allowed by the Local Rules. The Local Rules also arguably allow for a second opposition which was timely filed. And finally, Horizon has been aware of the substance of the plaintiffs' opposition since the first timely filed opposition and there is no suggestion or reason to believe that Horizon will be prejudiced by a review of the present motion on the merits.

**1.    Costs Imposed on Relators**

Turning then to the substance of the dispute, there is limited authority supporting Horizon's contention that it may recover costs from relators in a False Claims Act case. In *United States ex rel. Costner v. United States*, 317 F.3d 889, 891 (8th Cir. 2003), the Eighth Circuit affirmed a district court's award of costs to defendants who prevailed in a False Claims Act case. In that case, the plaintiffs

argued, among other things, that because they were public interest groups with limited financial resources they should be given relief from the award of costs. *Id*. at 890. The court was not persuaded, reciting the presumption of the award of costs to prevailing parties. *Id*. at 891. And in *United States ex rel. Berge v. Regents of the Univ. of Ala. at Birmingham*, 203 F.3d 824, 2000 WL 123949, at *3-*4 (4th Cir. 2000) (unpublished table decision), the Fourth Circuit held that the district court correctly taxed costs against the *qui tam* relator at the request of the prevailing defendants.

**2.     Copying Costs for Documents Subpoenaed by the Government**

While there is authority for allowing costs against relators in *qui tam* actions generally, the plaintiffs argue that in this case the 44,539 pages of documents requested by the Criminal Division of the United States Attorney's Office were never produced to them *in this action*. The plaintiffs insist there is no authority requiring them to reimburse Horizon for costs incurred as a result of a subpoena from the Criminal Division of the United States Attorney's Office. Horizon counters that "but for the filing of this action, the government never would have issued the subpoena." Docket No. 224.

Local Rule 54-3 sets forth the standards for taxing costs. Under the section for "Reproduction and Exemplification," "The cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." N.D. Cal. Civ. R. 54-3(d)(2). In this matter, however, the documents produced in response to the government's subpoena *duces tecum* were not produced in "formal discovery," nor were they produced for use for any purpose "in the case" at bar.

As to the latter, in *EEOC v. Kenosha Unified School District No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980), the Seventh Circuit noted that "[t]he phrase 'for use in the case' refers to materials actually prepared for use in presenting evidence to the court." The same construction was offered in *United International Holdings, Inc. v. Wharf (Holdings) Ltd.*, 174 F.R.D. 479, 484 (D. Colo. 1997), and in *McMillan v. United States*, 891 F. Supp. 408, 415 (W.D. Mich. 1995), the latter case actually cited by Horizon. *McMillan* in fact explicitly relies upon the proposition that costs under section 1920(4) are recoverable only if they are (1) tendered to or prepared for the opposing party; or (2) documents prepared for the court's consideration. *Id*.

6

In its motion papers, Horizon at first recognizes the above proposition, but later flatly denies it applies. First Horizon declares that "[s]uch costs [for exemplification and copies under 28 U.S.C. § 1920(4)] include the expense of copying pleadings, correspondence, and other documents *tendered to the opposing party*." Docket No. 224 at 11 (emphasis supplied). One page later it maintains "[a]n award for costs of copies is not limited to only documents used at trial or tendered to the opposing party." Docket No. 224 at 12. For the latter proposition, Horizon relies on *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam). *Haagen-Dazs* merely states that the text of the statute allowing costs for copies of documents "necessarily obtained for use in the case" does not specifically require that the copied documents be introduced into the record, or be offered into evidence at a hearing or trial. *Haagen-Dazs*, 920 F.2d at 588. This is not in tension with the prior cases mentioned requiring the copied documents be prepared for use in presenting evidence to the court or prepared or tendered for the opposing party. "Prepared for use" is different from "actually used." Thus, the authorities positing that copied documents must be prepared for use in presenting evidence to the court or be prepared or tendered for the opposing party in order to be recoverable under section 1920(4) are still persuasive.

Here the 44,539 pages of documents were produced to comply with a subpoena from the Criminal Division of the United States Attorney's Office. They were not prepared for use in presenting evidence to the court nor prepared or tendered for the plaintiffs. And while it may be that "but for" the civil complaint filed by the plaintiffs, the United States Attorney's Office would not have investigated Horizon or sought information in determining whether to intervene under the False Claims Act, such speculative causation is not the test for determining whether "copies of papers [were] necessarily obtained for use in the case." Accordingly, Horizon may not be awarded $6,680.85 for copies of the 44,539 pages of documents under 28 U.S.C. § 1920(4) or the Local Rules. That portion of costs assessed is vacated.

**3.     The Additional $210.00 of the Amended Bill of Costs**

In its amended bill of costs, Horizon states that it "initially claimed a total cost of $75.00 for the

7

photocopying of 600 pages. Upon further examination, the total pages copied and provided to counsel was 1,140 pages at a cost of $285.00." Docket No. 214 at 2. The plaintiffs maintain that the additional $210.00 requested in Horizon's amended bill of costs came more than fourteen days after the entry of judgment is therefore precluded by Local Rule 54-1. Local Rule 54-1(a) decrees that "No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs. The bill must state separately and specifically each item of taxable costs claimed." N.D. Cal. Civ. R. 54-1(a). Horizon responds with Local Rule 54-4(a), and its provision that the Clerk "may . . . consider" "supplemental documentation," including "further affidavits and documentation as necessary to determine allowable costs." N.D. Cal. Civ. R. 54-4(a).

Neither party has offered authority for their respective interpretations of the Local Rules. Thus, a close scrutiny of the texts is appropriate. When the quoted portions of Rule 54-1 are read in conjunction with Rule 54-4, the most natural reading is that it requires a prevailing party to state separately and specifically each item of taxable costs claimed and allows the prevailing party to file further affidavits and documentation to determine whether those specifically claimed costs are allowable. In other words, they allow Horizon to claim taxable costs for the copying of 600 pages and provide for further documentation if necessary to determine if the specifically claimed cost of the 600 pages is allowable. Horizon's construction of the rules is less natural and is awkward in two ways. First, it would allow a prevailing party to serve and file a bill of costs within fourteen days, but allow for supplemental claims up until the Clerk awards costs. Second, by allowing for liberal supplementation, the requirement for stating separately and specifically each item of taxable costs would become considerably more relaxed. Further, a third point weighs against Horizon's interpretation: it would allow for a certain amount of unwelcome gamesmanship between parties as to the assessment of costs. For instance, if the losing party objects to claimed costs, the prevailing party could then respond by "supplementing" additional claimed costs. The losing party could then be expected to file additional objections. Neither the Federal Rules of Civil Procedure or the Local Rules contemplate extensive or extended litigation on the issue of costs. It is therefore best that all claimed costs be listed

within fourteen days. With this in mind, Horizon's supplemental claim for an additional $210.00 is precluded.

**3.     Good Faith and Undue Hardship**

In light of the above analysis, the remainder of the plaintiffs' arguments are largely rendered moot.[2] In its amended bill of costs, Horizon seeks a total of $6,965.85. Because the $6,680.85 for the 44,539 pages is vacated and the $210.00 in additional costs is not be allowed, this leaves a remainder of $75.00 in costs for copying documents. Horizon timely requested the reimbursement of $75.00 in costs for 600 pages. This works out to about 12.5 cents per page. This is not unreasonable. Section 1920(4) expressly provides for the reimbursement of fees for exemplification and copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. § 1920(4). The plaintiffs have not shown that the copies were not necessarily obtained for use in the case and therefore Horizon's claim for these fees stands.

#### CONCLUSION

IT IS HEREBY ORDERED THAT plaintiffs Michael M. Meyer and Patricia J. Szerlip's Motion for Review of Clerk's Taxation of Defendant Horizon Health Corporation's Costs [Docket No. 219] is GRANTED in PART, and the Clerk's taxation of costs in the amount of $6,965.86 is reduced to $75.00.

IT IS SO ORDERED.

February 12, 2007

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge

---

[2]  The plaintiffs' arguments that their action was brought in good faith and that they would suffer undue hardship if Horizon is awarded costs are also largely unavailing. First, the good faith of losing plaintiffs is not a proper criterion to weigh in assessing costs. *See In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464-65 (3d Cir. 2000). Second, while some courts have held that if a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying cost, here the plaintiffs have made no contention or shown that they are in fact indigent or unable to pay. *See, e.g., In re Paoli*, 221 F.3d at 464; *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).